UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:25-CV-62636-AUGUSTIN-BIRCH

DR. JEFFREY PETER DATTO,

    Plaintiff,

v.

MR. ROBERT HANRECK, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO
DISMISS COMPLAINT WITHOUT PREJUDICE**

This matter comes before the Court upon a *sua sponte* review of Plaintiff Dr. Jeffrey Peter Datto's Complaint.  DE 1.  Plaintiff names as Defendants his spouse who has petitioned for divorce in state court, his spouse's attorney, and two state court judges.  *Id.* at 1–2.  The Complaint challenges a temporary protection order entered in the state divorce case.  *Id.* at 5 (asking for "a declaration that the [temporary protection order] and related state court actions violate [Plaintiff's] constitutional rights and are unenforceable"); *id.* at 6 (asking the Court to suspend enforcement of the temporary protection order and to hold a hearing to determine whether the temporary protection order is meritorious).  Having reviewed the Complaint, the Court recommends abstention under *Younger v. Harris* and dismissal of the Complaint without prejudice.  *See generally Younger v. Harris*, 401 U.S. 37 (1971).

A court may dismiss a case *sua sponte* under *Younger*.  *See Boyd v. Georgia*, 512 F. App'x 915 (11th Cir. 2013) (affirming a *sua sponte* dismissal of a complaint under *Younger*); *Hudson v. Hubbard*, 358 F. App'x 116 (11th Cir. 2009) (same).  "*Younger* requires a federal court to abstain

where a plaintiff's federal claims could be adjudicated in a pending state judicial proceeding." *Leonard v. Ala. State Bd. of Pharmacy*, 61 F.4th 902, 907 (11th Cir. 2023) (quotation marks omitted). *Younger* applies if there is an ongoing state judicial proceeding, the state proceeding implicates important state interests, and there is an adequate opportunity in the state proceeding to raise constitutional challenges. *New Ga. Project, Inc. v. Att'y Gen., State of Ga.*, 106 F.4th 1237, 1242 (11th Cir. 2024).

*Younger* applies to require abstention in this case. First, Plaintiff's state divorce case is ongoing, and the Complaint is an explicit challenge to an order entered in that case. *See* DE 1; *Plata v. Datto*, Local Case No. 2025-023187-FC-04, State Case No. 132025DR023187A00104 (Mia.-Dade Cnty.).

Second, the nature of the state case is domestic relations. States have an important interest in their own domestic relations matters. *Morancy v. Salomon*, No. 24-12505, 2025 WL 1341957, at *3 (11th Cir. May 8, 2025) ("The second [*Younger*] factor, requiring that the state proceeding implicate important state interests, is satisfied because domestic relations issues have been historically considered a state interest."); *Davis v. Self*, 547 F. App'x 927, 930 (11th Cir. 2013) ("There is no doubt that matters involving domestic relations and child custody implicate important state interests."); *see also Ingram v. Hayes*, 866 F.2d 368, 369 (11th Cir. 1988) ("The federal judiciary has traditionally abstained from deciding cases concerning domestic relations.").

Third, a "federal court should assume that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *31 Foster Child. v. Bush*, 329 F.3d 1255, 1279 (11th Cir. 2003) (quotation marks omitted). The third *Younger* factor "is not concerned with questions of substance or equity, but is procedural." *Morancy*, 2025 WL 1341957, at *3. Plaintiff has the ability to raise his challenges to the temporary protection order through the state case. As

all three *Younger* factors are satisfied, the Court recommends abstention and dismissal of the Complaint without prejudice. *See Hale v. Pate*, 694 F. App'x 682, 684 (11th Cir. 2017) ("Dismissals pursuant to the *Younger* abstention doctrine are without prejudice.").

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b). The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1.

**DONE AND SUBMITTED** in Chambers at Fort Lauderdale, Florida, this 26th day of January, 2026.

PANAYOTTA AUGUSTIN-BIRCH
UNITED STATES MAGISTRATE JUDGE